[No. 56525-2. En Banc. April 12, 1990.]

CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON
IN
WILLIAM C. MAXEY, ET AL, *Plaintiffs*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Defendants*.

*Kenneth O. Eikenberry, Attorney General,* and *Stephen A. Eggerman, Assistant,* for defendant State.

*John E. Lamp, United States Attorney; Gary R. Allen, David I. Pincus, Howard M. Soloman, Carroll D. Gray,* and *William S. Estabrook, Assistant Attorneys of the United States;* and *Shirley D. Peterson, Assistant Attorney General,* for defendant Internal Revenue Service.

BRACHTENBACH, J.—This case arises from a question of law certified by the United States District Court for the Eastern District of Washington. RCW 2.60; RAP 16.16. The issue involves competing claims by the State Department of Labor and Industries (Department) and the Internal Revenue Service (IRS). The claims are against a portion of the damage moneys recovered in a third party action pursuant

to RCW 51.24.030 by an injured worker who was covered by industrial insurance, RCW Title 51.

The question certified by Judge Justin L. Quackenbush is:

> Where the money from a recovery against third parties pursuant to RCW 51.24.030 is being held separate from the injured worker's other assets, does the Washington State Department of Labor and Industries have an exclusive property interest in its statutory share of the recovery pursuant to RCW 51.24.060, which is not subject to claims by creditors of the injured worker, or is its interest limited to a creditor's interest subject to competing claims for priority?

Order, at 2–3.

We restate the question somewhat differently. As explained in our analysis hereafter, our inquiry is whether the injured worker had a property interest or a right to a property interest in the funds to which an IRS lien may attach. Because the funds at issue either belong to the worker or to the Department (to the extent of its right of reimbursement), by determining whether the worker has a property interest therein, we necessarily determine the nature of the Department's interest.

The worker here involved was injured on the job. He elected to seek damages from third parties as authorized by RCW 51.24.030. The worker received industrial insurance compensation and benefits despite the third party action, as authorized by RCW 51.24.040.

The third party action was settled. Distribution of such recovery is controlled by RCW 51.24.060. Under that statute there are four components to the mandatory scheme: (a) costs and reasonable attorney fees are paid proportionately by the worker and the Department; (b) the worker is paid 25 percent of the balance of the recovery; (c) the Department is paid the remaining balance of the recovery to the extent necessary to reimburse the Department for compensation and benefits paid to the worker; and (d) any remaining balance is paid to the worker. RCW 51.24.060-(1)(a), (b), (c) and (d). Items (a) and (b) have been paid and are not involved here. Item (c) is at issue.

After distributing items (a) and (b), referred to above, there remained $97,494.48, which is the fund interpleaded by the worker's attorney into federal court. The Department claims $56,863.49 as its reimbursement for compensation and benefits paid to the worker. IRS asserts a federal tax lien of $25,000.84, plus statutory additions. Neither amount is contested herein. A third person claims funds under an assignment from the worker/taxpayer. The amount claimed by the assignee is not clear from the record, but is great enough so that the three claims exceed the interpleaded amount. The assignee concedes the Department's priority over his claim. Apparently there is a priority contest between IRS and the assignee, but no issues related to the third claimant's rights are presented here.

We hold that the worker has no property right or interest in the interpleaded funds to the extent of the amount that the Department is to be reimbursed. The Department has a vested right thereto by virtue of the mandatory distribution which must be made to it under RCW 51.24.060(1)(c).

Hereafter we shall refer to the amount to which the Department and IRS make competing claims, *i.e.,* the Department's reimbursement amount of $56,863.49, as the funds. We emphasize there is no dispute as to items (a) and (b) nor (d) (if any) as described above, *see* RCW 51.24-.060(1)(a), (b), (c) and (d); nor do we express any opinion as to the claim by the third party/assignee in competition with IRS.

We turn to analysis of the parties' contentions. The Department claims an absolute right to reimbursement. IRS contends that the Department only has a statutory lien in competition for priority with the IRS lien.

The IRS lien is created by 26 U.S.C.A. § 6321 (1989):

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . *shall be a lien* in favor of the United States *upon all property and rights to property,* whether real or personal, *belonging to such person.*

(Italics ours.)

■ The obvious first inquiry is whether the funds represent "property and rights to property" of the worker/taxpayer within the meaning of 26 U.S.C.A. § 6321, *supra*. The answer is a matter of law to be made according to state law. *Aquilino v. United States,* 363 U.S. 509, 512–13, 4 L. Ed. 2d 1365, 80 S. Ct. 1277 (1960). As a matter of federal law, the IRS stands in the shoes of the taxpayer and can have no greater right to the funds than he has. "Right to recover from the fund [the interpleaded fund] must be based on the strength of a claimant's title and not on the weakness of the title of another claimant." (Footnote omitted.) *United States v. Chapman,* 281 F.2d 862, 867 (10th Cir. 1960).

■ "Property" is a comprehensive legal concept, but for our purposes it may be defined as the right to possession, the right of use and enjoyment, and the power to dispose of it. *Ackerman v. Port of Seattle,* 55 Wn.2d 400, 409, 348 P.2d 664, 77 A.L.R.2d 1344 (1960); *Great N. Ry. v. Washington Elec. Co.,* 197 Wash. 627, 649, 86 P.2d 208 (1939).

The rights of an injured worker covered by industrial insurance are entirely statutory; all civil causes of action of the injured worker are abolished except as provided in the act. RCW 51.04.010. It follows that all rights of the worker, including any "property rights," must be found in RCW Title 51, specifically RCW 51.24 for our analysis.

■ RCW 51.24.060 provides a mandatory order of distribution from the recovery from a third party. The statute directs that first there shall be paid costs and reasonable attorney fees. Next, the worker is given an absolute right to 25 percent of the balance of the recovery. This is clearly a property right of the worker. After those two items have been distributed, the Department has an unqualified, unrestricted right to all of the balance to the extent of the amount of compensation and benefits paid and payable. There simply is nothing in the statute to indicate that the worker has any interest of any nature whatsoever in the reimbursement funds. Certainly the worker has no right to possess, use, enjoy or dispose of those funds. The exclusive

nature of the Department's right to those funds is proved by the fact that the statute recognizes that there may be money remaining after distribution of the first three items. It provides that any balance remaining, *after* mandatory distribution to (a) costs and attorney fees, (b) 25 percent to the worker and (c) *reimbursement of the Department* shall be paid to the injured worker. RCW 51.24.060(1)(d).

Even if the entire recovery comes into the possession of the worker or his attorney, or indeed *any* person, there is a positive, mandatory duty to distribute in accordance with the statute. RCW 51.24.060(6).

The entire scheme of RCW 51.24 evidences the vital interest of the Department in a recovery from a responsible third party. If the worker elects to pursue the third party claim the Department may intervene "*as a party in the action to protect its statutory interest in recovery.*" (Italics ours.) RCW 51.24.030(2). An election by the worker not to proceed against the third party operates as an assignment of the cause of action to the Department, which may prosecute or compromise the action in the name of the worker. RCW 51.24.050(1). Alternatively, the Department may require the worker to exercise the election to pursue a third party action. RCW 51.24.070(1).

The statute furnishes even more conclusive proof that the worker does not "own" the entire third party recovery subject only to a Department lien for reimbursement. RCW 51.24.090(1) provides that any settlement by the worker for less than the benefits and compensation made by the Department is *void* unless made with the Department's written approval.

Our cases demonstrate the absolute right of the Department to its share of the recovery from a third party. In *Courtright v. Sahlberg Equip., Inc.,* 88 Wn.2d 541, 563 P.2d 1257 (1977), we held that the Department's right to reimbursement operates directly against the recovery and is not reduced because the worker's comparative negligence resulted in the recovery being less than the worker's actual damages. Of analogous application is *Rhoad v. McLean*

*Trucking Co.,* 102 Wn.2d 422, 686 P.2d 483 (1984), which construed the former version of RCW 51.24.060. That earlier statute did not provide for the Department's proportionate responsibility for costs and attorney fees. We held the Department was entitled to its entire statutory reimbursement without reduction for any share of the costs and fees incurred in recovery. The statute now provides for proportionate responsibility for costs and attorney fees from the Department's share. Both cases illustrate, in the words of the certified question, the Department's "exclusive property interest" in its statutory share of the recovery.

To overcome the unassailable conclusion which results from the foregoing analysis, IRS focuses on the statutory language which states: "The recovery made shall be subject to a lien by the department . . . for its share under this section." RCW 51.24.060(2). The Department's "lien" is also mentioned in RCW 51.24.060(7).

At first glance, the reference to a "lien" suggests that the Department is only a creditor with its reimbursement right secured by a lien. In the traditional lien analysis, it would follow that someone else owns the funds which the Department claims. "A lien is an encumbrance which one person has upon the property of another as a security for some debt or charge." *Swanson v. Graham,* 27 Wn.2d 590, 597, 179 P.2d 288 (1947).

Here the only other possible person who could "own" the funds would be the worker, but under the statute as analyzed above the worker has none of the incidents of ownership above described. No matter how inartful the statutory language and its tendency to confuse the Department's statutory right to the fund with a creditor's lien, the statute does not create a property interest in the worker/taxpayer. The right of the IRS must be based on the strength of the worker/taxpayer's rights to the funds, not on the weakness or confusion about the Department's claim of right. *United States v. Chapman, supra.*

The Department suggests that the lien is created only to protect the Department's share of the funds in the event

that the funds are not distributed according to the statute. That may well be the legislative intent, but we need not decide the legal consequences of an assertion of a "lien" claim by the Department. The total remaining funds are in the registry of the Federal District Court and can be distributed directly to those entitled to them, including the Department which has no need to assert any lien claim.

Finally, our conclusion is consistent with the underlying purpose of RCW 51.24. The third party statute accomplishes two things. First, it makes it possible for the worker to recover full compensation from the party which is legally and in fact responsible for his injuries and consequent damages. Second, it permits the worker to receive the certain compensation and benefits of industrial insurance, but mandates reimbursement to the Department so that (1) the accident and medical funds are not charged for damages caused by a third party and (2) the worker does not make a double recovery. In other words, the worker, under the statute, cannot be paid compensation and benefits from the Department and yet retain the portion of damages which would include those same elements. To allow the IRS claim against the Department's reimbursement would amount to a double recovery. The worker has received compensation and benefits from the Department. He has recovered an equivalent amount from the third party. Permitting use of the reimbursement funds to pay the worker's creditors ahead of the Department is a double recovery not contemplated or authorized by the statute.

This opinion shall be certified to the United States District Court as provided in RAP 16.16(g).

CALLOW, C.J., UTTER, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., and SKIMAS, J. Pro Tem., concur.