[Nos. 57121-0, 57130-9.   En Banc.   April 25, 1991.]

CERTIFICATION FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF WASHINGTON
IN
DEBBIE C. CLARK, *Individually and as Personal
Representative, Plaintiff*, v. PACIFICORP,
*Defendant*.

DEE ANNA WHITTEN, *Individually, as Personal Representative, and as Guardian ad Litem, Respondent*,
v. ASSOCIATED BUILDING COMPONENTS, INC.,
ET AL, *Defendants*, THE DEPARTMENT
OF LABOR AND INDUSTRIES,
*Appellant*.

*Tim M. Higgins, Fred C. Pflanz,* and *Winston & Cashatt,* for plaintiff.

*Kenneth O. Eikenberry, Attorney General,* and *Jeffrey E. Boyer, Beverly N. Goetz, Jeffrey P. Bean, Pamela A. Morse, Stephen A. Eggerman,* and *Jack S. Eng, Assistants,* for appellant.

*Turner, Stoeve, Gagliardi & Goss, P.S.,* by *Andrew C. Smythe,* for defendant.

*Edwards, Sieh, Wiggins & Hathaway,* by *Charles K. Wiggins; Paul N. Luvera, Jr.,* for respondent.

*Bryan P. Harnetiaux, Daniel E. Huntington, Gary N. Bloom,* and *Michael J. Pontarolo* on behalf of Washington State Trial Lawyers Association, amicus curiae for plaintiff and respondent.

*Charles R. Bush* on behalf of Association of Washington Business and Washington Self-Insurers Association, amici curiae for defendant and appellant.

UTTER, J. — Two cases have been consolidated for appeal to this court. *Clark v. Pacificorp* comes to us upon certification from the Federal District Court for the Eastern District of Washington. *Whitten v. Associated Building Components* was tried in state court. The Department of Labor and Industries appealed to the Court of Appeals, and Ms. Whitten moved for consolidation with *Clark v. Pacificorp* because three of the certified questions were identical to the issues involved in her case. Both cases involve third party tort litigation under the Industrial Insurance Act, and in both cases the Department of Labor and Industries (hereinafter the Department) appeared to protect its interests.

The federal court certified five questions concerning the implication of the tort reform act of 1986 on the third party chapter of the Industrial Insurance Act. The central issue is: does RCW 51.24.060(1)(f) provide for elimination or merely a reduction of the Department's right to reimbursement if the worker's employer or coemployee is determined to be at fault under RCW 4.22.070? In accordance with the principles of comparative fault, tort reform, and adequate compensation for injured workers, we hold RCW 51.24-.060(1)(f), through the incorporation of RCW 4.22.070, requires a reduction of the Department's right to reimbursement in accordance with the employer's share of fault. A trier of fact shall apportion fault to all at-fault entities in accordance with RCW 4.22.070. This includes the injured worker or beneficiary, the employer, and the third party. Each party shall then pay his proportionate share of damages. The Department pays the employer's share in the form of workers' compensation benefits. Where the employer's share of fault exceeds the benefits paid, the Department's right to reimbursement is reduced; where it exceeds the third party's share of fault, the right is eliminated.

In *Clark v. Pacificorp*, Ms. Clark filed a wrongful death action against Pacificorp following the death of her husband due to a work-related accident. At the time of his death, Mr. Clark was employed by Trees, Inc. Trees, Inc., was an

independent contractor hired by Pacificorp to trim tree branches away from Pacificorp's power lines. Under the Industrial Insurance Act, Trees, Inc., is immune from liability and is not named in this action. Pacificorp has admitted liability in this case but contends that Trees, Inc., and Mr. Clark are comparatively negligent, and therefore its share of damages should be reduced accordingly.

Clark and Pacificorp entered settlement negotiations and agreed that, pursuant to a finding by the trier of fact that the employer (Trees, Inc.) was at fault, Ms. Clark would not be required to reimburse the Department for compensation benefits paid to date and would continue to receive benefits. The Department filed a special appearance memorandum to contest the parties' suggested plan. The Department maintains that, as trustee of the state compensation funds, it is entitled to be made a party to this action and to be afforded notice and an opportunity to be heard. The Department further contends that because the plaintiff failed to comply with the notice requirements under the Industrial Insurance Act in the original action,[1] she should not be entitled to eliminate the reimbursement requirement.

In *Whitten v. Associated Building Components*, Ms. Whitten filed an action against Associated Building Components,[2] as the general contractor at the jobsite, to recover damages for the death of her husband. Mr. Whitten was employed by Krueger Sheet Metal Company, which had subcontracted with Associated Building Components to install roofing on an office building. Krueger is immune from suit under the Industrial Insurance Act. At the time of filing, Ms. Whitten did not send the statutory notice to the Department. Ms. Whitten settled with Associated Building Components. She then filed a motion to eliminate the

---

[1] Following the certification hearing, plaintiff moved for voluntary dismissal without prejudice. The motion was granted. Plaintiff then refiled her action and served the required notice upon the Department. The federal court consolidated the new case with the original.

[2] Because Associated Building Components has settled with Ms. Whitten, it is not a party to this appeal.

Department's lien for reimbursement of benefits and to determine the percentage of the employer's fault. The motion was granted. The court also granted the Department's motion to intervene. The Department appealed, and Ms. Whitten moved for consolidation with *Clark v. Pacificorp.*

In *Clark v. Pacificorp*, the federal court found, and the plaintiff conceded, that the notice provisions of the Industrial Insurance Act were not satisfied. However, it also found that the Department was on notice of plaintiff's election to proceed against a third party and of plaintiff's retention of counsel in this matter. Furthermore, the court allowed Clark to refile her action, thereby curing any defect in notice. Likewise in *Whitten v. Associated Building Components*, while the plaintiff did not comply with the statutory notice requirements, the Department had actual notice of the third party action and eventually filed a motion to intervene, which was granted.

Washington's Industrial Insurance Act is the exclusive remedy for a worker who is injured while in the course of employment. RCW 51.04.010. Any worker who is injured while in the course of employment and who makes timely application to the Department of Labor and Industries is entitled to workers' compensation benefits. In the event of death, the worker's beneficiary, upon timely application, is entitled to benefits. RCW 51.28.030. A state fund was established as the source for recovery. All employers are required to contribute to this fund (except for self-insurers), and in return they are granted immunity from tort actions by an employee. RCW 51.04.010; RCW 51.08.175. The act does provide for an exception where the worker's injury is due to the negligence of a third party (defined as one not in the worker's same employ). The worker, or beneficiary, may elect to sue that third party for damages. RCW 51.24.030. By electing to pursue the third party, the beneficiary[3] is not

---

[3]Hereafter, we will refer only to beneficiaries, although the act applies equally to both workers and beneficiaries. Likewise, all references to the Department also apply to self-insurers.

precluded from receiving benefits. RCW 51.24.040. However, the Department is entitled to reimbursement of benefits paid if the third party recovery exceeds these benefits, and the act also provides a lien to enforce the reimbursement right. RCW 51.24.060.

The heart of the controversy in both cases concerns the parties' different interpretations of the effect of the tort reform act of 1986 on the Industrial Insurance Act's third party chapter. Two new sections were added under the tort reform act — Laws of 1986, ch. 305, § 401 (codified at RCW 4.22.070), and § 403 (codified at RCW 51.24.060(1)(f)). The central issue is: does RCW 51.24.060(1)(f) provide for elimination or merely a reduction of the Department's lien if the worker's employer or coemployee is determined to be at fault under RCW 4.22.070?[4] Respondents Clark and Whitten contend that the sections require an elimination of the right to reimbursement and its lien. The Department contends that the right should be reduced only in proportion to the employer's share of fault.

The federal court has certified five questions to us concerning these two statutes. We will address each one separately.

I

Did the failure of the plaintiffs to comply with the notice requirements of RCW 51.24.030(2) eliminate the court's jurisdiction to apply RCW 51.24.060(1)(f) in the original action (United States District Court cause C-88-615-JLQ) filed by the plaintiffs?

---

[4]RCW 51.24.060(1)(f) provides: "If the employer or a co-employee are determined under RCW 4.22.070 to be at fault, (c) and (e) of this subsection do not apply and benefits shall be paid by the department and/or self-insurer to or on behalf of the worker or beneficiary as though no recovery had been made from a third person."

RCW 4.22.070(1) provides in pertinent part: "In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages, including the claimant . . . third-party defendants . . . [and] entities immune from liability".

■ The rights of these parties are purely statutory in nature and are set forth in the Industrial Insurance Act. The respondents contend that RCW 51.24.030 does not specify the type of notice to be given the Department of a third party claim, nor the specifics of giving notice. But when read in conjunction with RCW 51.24.080, these questions are answered. Legislative intent is to be ascertained from the statute as a whole; and the sequence of all statutes relating to the same subject matter should be considered. *Ravsten v. Department of Labor & Indus.*, 108 Wn.2d 143, 150, 736 P.2d 265 (1987).

■■ RCW 51.24.080(1) and (2) define notice. First, the "notice of election" to sue a third party "must" be given to the Department. (This requirement was satisfied in both cases.) The statute then requires:

(1) . . . If an action is filed by the . . . beneficiary, a copy of the complaint *must* be sent by registered mail to the department . . .
(2) A return showing service of the notice on the department . . . *shall* be filed with the court . . ..

(Italics ours.) This section does not specify "when" the notice must be sent. However, RCW 51.24.030(2) provides in every third party action that the plaintiff "shall give notice to the department . . . when the action is filed". Read together, these two sections provide that notice of third party actions must be given to the Department when the action is filed.

The statute provides the beneficiary *shall* give notice of the third party action to the Department *when* the action is filed. The word "shall" is presumed to be used in the imperative sense. *Singleton v. Frost*, 108 Wn.2d 723, 728, 742 P.2d 1224 (1987) (citing 2A N. Singer, *Statutory Construction* § 57.03 (4th ed. 1984)).

Furthermore, RCW 51.24.030(2) contains both the words "shall" and "may". The statute reads "the plaintiff *shall* give notice . . . the department . . . *may* file a notice . . . the parties *shall* thereafter serve . . . [t]he department . . . *may* then intervene". (Italics ours.) When a provision contains

both words, it is presumed that the Legislature intended "shall" to be mandatory and "may" to be permissive. *Scannell v. Seattle*, 97 Wn.2d 701, 704, 648 P.2d 435, 656 P.2d 1083 (1982).

We believe the notice provision is mandatory. While it is not a prerequisite for establishing jurisdiction between the beneficiary and the third party, it is a condition precedent for establishing jurisdiction to apply RCW 51.24.060(1)(f). Both Clark and Whitten failed to comply with the notice required under RCW 51.24.030(2). Such a failure, lacking more, would eliminate the trial court's jurisdiction to apply RCW 51.24.060(1)(f).

## II

Did the filing of the new action (United States District Court cause CS-90-097-JLQ), coupled with the Department's timely receipt of a copy of the new complaint pursuant to RCW 51.24.030(2), give the court jurisdiction to apply RCW 51.24.060(1)(f)?

The respondents contend that they have substantially complied with the notice requirement, no prejudice has resulted, and that it would be unjust, as well as impractical, to ignore these actions and begin anew. We agree.

■ ■ The purpose of the notice requirement is to protect the Department's interest as trustee of the compensation fund. The courts of this state have long protected this interest. *See Arthun v. Seattle*, 137 Wash. 228, 242 P. 16 (1926) (it is for the benefit of the State, in administering the accident fund, that the third party election was created); *In re Estate of Kinsman*, 44 Wn. App. 174, 721 P.2d 981 (1986) (Department can refuse to approve a settlement which is deficient in repaying the Department's lien); *Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 547, 789 P.2d 75 (1990) ("The entire scheme of RCW 51.24 evidences the vital interest of the Department in a recovery from a responsible third party."). The notice provision protects the Department's interest by putting it on notice of the third party action and providing an opportunity to be heard by

filing its "notice of statutory interest" pursuant to RCW 51.24.030(2).

The statutory notice is also designed to protect the Department's property interest in its lien. *See Maxey*, 114 Wn.2d at 546-47 (the Department's lien is a property interest). Before the Department may be deprived of its property rights, the statute requires notice reasonably calculated to apprise it of the pendency of an action which might deprive it of those rights. *See* Peck, *Washington's Partial Rejection and Modification of the Common Law Rule of Joint and Several Liability*, 62 Wash. L. Rev. 233, 255 (1987) (loss of the lien will adversely affect employer's experience rating, which loss without notice and an opportunity to be heard offends the concept of due process of law).

The purpose behind the notice requirement is met in both *Clark v. Pacificorp* and *Whitten v. Associated Building Components*. Both plaintiffs filed the requisite "notice of election to pursue third party" with the Department. In both cases, the Department was aware of the third party litigation through correspondence with plaintiffs' attorneys.

In *Clark v. Pacificorp*, the federal court allowed the plaintiff to dismiss without prejudice and refile a new action. The court then consolidated the old and new cases as a matter of judicial economy. In the new action, Clark timely served the Department in accordance with RCW 51.24.030(2). The Department argues that consolidation is not proper for two reasons: (1) the original action lacked jurisdiction over the Department and therefore the discovery cannot be used in the new action; and (2) the Department will be prejudiced. The issues which require jurisdiction over the Department (issues regarding fault and elimination of the lien) have not yet been decided by the federal court in *Clark v. Pacificorp*. Furthermore, the court ordered that all discovery be served upon the Department and gave the Department an opportunity to conduct formal discovery. The filing of the new action cures any defects in jurisdiction. The Department failed to show any prejudice.[5]

---

[5]The Department contends that it was harmed by the fact that the plaintiff and Pacificorp had a time advantage in collecting evidence and interviewing

It did in fact have notice; it had conducted investigations of the accidents; and did in fact participate in the action through correspondence, conversations, and special appearance memoranda. In addition, neither the employer nor the Department is harmed, because they will not be subject to any greater liability than that imposed under the Industrial Insurance Act. Because no prejudice exists, the issues affecting the Department have not been decided, and the Department was given additional time to conduct discovery, the lack of jurisdiction in the original action does not preclude use of the discovery in the new action. The decision to consolidate was a discretionary ruling, which this court will affirm absent abuse. *Rasor v. Retail Credit Co.*, 87 Wn.2d 516, 533, 554 P.2d 1041 (1976). No abuse has been shown.

In *Whitten v. Associated Building Components*, the court entered findings of fact and conclusions of law, allocating fault to the employer, and an order granting leave to intervene. The Department appealed, and Ms. Whitten moved to have the case consolidated with *Clark v. Pacificorp*. Again, the Department did in fact have notice of the proceedings, participated to a certain extent in the action, and is now a named party. Although not timely served with a copy of the complaint, this does not preclude actual notice, nor does it create prejudice.

We have recently reaffirmed:

> [T]he guiding principle in construing provisions of the Industrial Insurance Act is that the Act is remedial in nature and is to be liberally construed in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.

*Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987).

---

witnesses. While the Department did not receive the requisite notice of the third party action, it was aware of the accident, it had received Clark's notice of intent to sue the third party, and it did have an opportunity to conduct discovery. The Department sent a safety inspector to investigate the accident. It could have, at that time or anytime thereafter, questioned witnesses and obtained evidence.

The defects under RCW 51.24.030(2) have been cured in both *Clark v. Pacificorp* and *Whitten v. Associated Building Components* so that the trial courts in both cases can assert jurisdiction to apply RCW 51.24.060(1)(f). The parties have substantially complied with the statute. No prejudice has resulted to the Department. Therefore, the trial courts in both cases have jurisdiction to apply RCW 51.24.060(1)(f). In *Clark v. Pacificorp*, the new action will proceed. In *Whitten v. Associated Building Components* the decision determining fault is affirmed, in view of the fact that Whitten and Associated Building Components have settled, and the matter is remanded to the Superior Court for a determination of the reimbursement issue.

## III

Do RCW 51.24.060(1)(f) and RCW 4.22.070 require a trier of fact to determine the percentage of the total fault attributable to every entity which caused the plaintiff's damages and not merely a determination of the percentage of fault, if any, of the employer or coemployee?

■ "[T]he primary purpose of the provision permitting allocation of fault to an entity with immunity was to provide relief for defendants in workers' compensation third party tort actions". Peck, 62 Wash. L. Rev. at 245. Another purpose behind RCW 4.22.070 is to provide an opportunity for all at-fault entities to consent to settlement negotiations. Bush, *The Impact of the Tort Reform Act Upon the Industrial Insurance Act*, 22 Gonz. L. Rev. 121, 130 (1986/1987). These purposes are carried out in requiring a determination of fault of *every* at-fault entity.

Subjecting every entity (the beneficiaries, the employers, and the third party defendants) to a determination of fault is fair in light of the interests at stake, the plaintiffs' interests in recovering damages, and the Department's interest in protecting its lien. RCW 51.24.060(1)(f) provides that if an employer is at fault, the Department loses its right of reimbursement. In order to protect this right, the Department should be permitted to request a determination

of fault of each entity. Such a determination answers the question regarding the obligation to reimburse the Department and ensures that the third party will pay its proportionate share of damages. Thus, the plaintiff also benefits from such a request. Where a trier of fact determines each entity's share of fault and apportions damages accordingly before settlement or trial, the plaintiff will not have his damages twice reduced (first by having the third party award reduced, and secondly by having to repay the Department).

Participation by each entity ensures a just allocation of fault. The plaintiff receives the compensation benefits and the third party damages. To the extent the third party's share of fault exceeds that of the employer, the plaintiff must reimburse the Department. If the employer's share of fault is greater than that of the third party, the plaintiff is not required to reimburse the Department.[6]

The language of RCW 4.22.070(1) is clear and unambiguous: "the trier of fact *shall* determine the percentage of the total fault which is attributable to *every* entity which caused the claimant's damages". (Italics ours.) "Shall" is presumed mandatory. *Singleton v. Frost*, 108 Wn.2d 723, 742 P.2d 1224 (1987). Reserving the question to a trier of fact prevents manipulation by any one of the parties. We hold that RCW 51.24.060(1)(f) and RCW 4.22.070 require a trier of fact to determine the percentage of total fault attributable to every entity which caused plaintiff's damages.

Having established the trier of fact is required to conduct a "determination of fault" hearing, we now address the nature and extent of such a hearing. In view of the fact RCW 51.24.060(1)(f) cross-references RCW 4.22.070, we infer the Legislature intended this hearing to be similar to

---

[6]This result is consistent with the Legislature's intent to have a third party tortfeasor replenish the state fund where feasible. This intent is evidenced by the fact that RCW 51.24 allows the Department to pursue third parties on behalf of the employee, provides for reimbursement of state funds, requires notice to the Department of third party actions, and requires the Department's consent to deficient settlements. *See also Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 789 P.2d 75 (1990). See also discussion in section IV.

the reasonableness hearing under RCW 4.22.060(1). This statute sets forth the requirements for a judicial hearing as to the reasonableness of a settlement. In *Glover v. Tacoma Gen. Hosp.*, 98 Wn.2d 708, 658 P.2d 1230 (1983), we identified several factors which provide some structure for these hearings. Together, the statute and *Glover* provide guidance for the type of "determination of fault" hearing to be held pursuant to RCW 51.24.060 and RCW 4.22.070.

In determining the percentages of fault, a trial by jury is not required. In *Glover*, we indicated the trial court was not required to conduct a minitrial in making a reasonableness determination. We stated that in conducting a reasonableness hearing, the trial judge has discretion "to weigh each case individually." 98 Wn.2d at 718. In the present case, this discretion can be applied to the judge's decision as to the use of evidence, affidavits, depositions and live testimony during the hearing. The following guidelines for determination of fault hearings under RCW 51.24.060 and 4.22.070 apply:

The parties shall comply with the notice requirements for third party actions as required by RCW 51.24.030(2) and .080(1) and (2) and as further defined in this opinion.

Before the worker and third party enter a settlement agreement, a hearing shall be held to determine the fault of all at-fault entities. The procedures set forth in RCW 4.22.060(1) shall be followed.

The judge has discretion as to the evidence and testimony (whether by affidavit, deposition or live witnesses) presented during the hearing.

The judge's decision must be reasonable and supported by substantial evidence.

The purpose of the hearing is to allocate fault among all at-fault entities.

The determination is to be made by a judge, and *not* by jury. *See* RCW 4.22.060(1), which provides the "court" is to conduct a reasonableness hearing.

## IV

Does a finding of employer or coemployee fault pursuant to RCW 51.24.060(1)(f) and RCW 4.22.070 reduce the Department of Labor and Industries' statutory right to reimbursement by the percentage of fault so found, or does it entirely eliminate the Department's statutory right to reimbursement?

RCW 51.24.060(1)(f) states that subsections (c) and (e) (which contain the reimbursement and setoff provisions) do not apply if the employer is determined to be at fault. The respondents contend that the statute is clear, and that the right to reimbursement is eliminated. The Department contends that the statute is ambiguous and that the respondents' interpretation defeats the reason behind the incorporation of RCW 4.22.070 into RCW 51.24.060(1)(f), the purpose behind tort reform, and the longstanding purposes of the Industrial Insurance Act. Rather, the Department asserts, an interpretation that the right is reduced in proportion to fault better serves the competing interests and carries out the principles behind tort reform and workers' compensation. We agree with the Department.

RCW 51.24.060(1)(f) states: "If the employer or coemployee are determined under RCW 4.22.070 to be at fault, (c) and (e) of this subsection do not apply". Did the Legislature intend to say that (c) and (e) do not apply at all, or that they do not apply to the extent that the employer is determined to be at fault? In *Cox v. Helenius*, 103 Wn.2d 383, 387-88, 693 P.2d 683 (1985), we held that a court is required to give meaning to every word, clause and sentence of a statute and that no part should be deemed superfluous. An apportionment of fault is required under RCW 51.24.060(1)(f) and RCW 4.22.070. Such an apportionment would appear to require that *each* at-fault entity contribute to plaintiff's damage award *in proportion* to its share of fault. The reference to RCW 4.22.070 would be superfluous if it were not meant to require a reduction in proportion to fault. Furthermore, subsections (a), (b) and (d) remain in

effect. Total elimination of the right to reimbursement would create inconsistencies between these provisions and subsection (f),[7] and would also create inconsistencies between the notice provisions under RCW 51.24.

In attempting to determine the intent of the Legislature, where we are uncertain from examining the language of the act itself, new legislation is presumed to be in line with prior judicial decisions in a field of law. *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 888, 652 P.2d 948 (1982). Washington has adopted comparative negligence; has a policy of protecting state compensation funds; and has a statutory scheme of providing adequate compensation, not full tort damages, in work-related injuries. Therefore, we shall examine this statute in light of the history of the Industrial Insurance Act, the underlying purposes of the third party chapter, the principles of comparative negligence and tort reform, and finally, we shall look at how other states have dealt with the issue.

An elimination of the right to reimbursement is contrary to the longstanding purposes of the Industrial Insurance Act. The act was created to provide sure and certain relief for injured workers and their beneficiaries. It was created through compromise. Both employees and employers gave up their common law rights and defenses in exchange for a no-fault system of compensation. The employer received immunity from suit, and the employee received compensation and benefits deemed by the Legislature to be sufficient recompense. In 1957, the Legislature amended the act to allow injured workers to sue third parties. At the same time, it protected the state funds by providing for reimbursement.[8] Washington courts have

---

[7]For example, subsection (c) requires the Department to pay its proportionate share of attorney fees. The Legislature could not have intended to totally eliminate the right to reimbursement yet still require the Department to pay a proportionate share of fees.

[8]It further protected the state funds by requiring written approval by the Department if any settlement would result in a deficiency to be satisfied out of state funds. RCW 51.24.090.

enforced these purposes. *See Boeing Aircraft Co. v. Department of Labor & Indus.*, 22 Wn.2d 423, 156 P.2d 640 (1945); *Kelley v. Howard S. Wright Constr. Co.*, 90 Wn.2d 323, 582 P.2d 500 (1978); *Wolf v. Scott Wetzel Servs., Inc.*, 113 Wn.2d 665, 782 P.2d 203 (1989).

Likewise, the courts have upheld the Department's right to reimbursement. This court recently held in *Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 789 P.2d 75 (1990) that the third party statute accomplishes two things: it allows a worker to recover full damages from the party who is legally and in fact responsible, and it permits the worker to receive certain compensation and benefits,

> but mandates reimbursement to the Department so that (1) . . . funds are not charged for damages caused by a third party and (2) the worker does not make a double recovery. *In other words, the worker, under the statute, cannot be paid compensation and benefits from the Department and yet retain the portion of damages which would include those same elements.*

(Italics ours.) 114 Wn.2d at 549. The underlying purposes of the act are defeated if the right is eliminated, and the plaintiff may be made more than whole at the expense of the compensation fund.

The principle of comparative negligence requires a finding of reduction, not elimination, of the statutory right to reimbursement. "[T]he only satisfactory method of dealing with a multiple party accident through comparative negligence is to bring all the parties into court in a single action, apportion the fault and then allocate the damages based on this apportionment." *Comparative Negligence, Recent Washington Legislation*, 49 Wash. L. Rev. 705, 715 (1974). Washington has adopted "pure" comparative negligence. RCW 4.22.005. Under pure comparative negligence, damages are apportioned according to fault. The plaintiff's damages are reduced in proportion to his share of fault, and the tortfeasor pays only that portion of damages for which he is accountable. In the case of multiple tortfeasors, each one is personally liable for any injury for which his tortious act is a proximate cause. *Seattle-First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 235, 588 P.2d 1308

(1978); *see also* 49 Wash. L. Rev. at 705 ("Comparative negli-
gence . . . [is] 'a fault concept that apportions liability for
damages in proportion to the contribution of each tortfeasor
causing the injury or damages' ").

Under the tort reform act of 1986, the Legislature
abolished joint and several liability. It also incorporated a
section of the act, RCW 4.22.070, into the third party sec-
tion of the Industrial Insurance Act, RCW 51.24.060(1)(f).
The intent of the Legislature is revealed by its comment in
the preamble to the tort reform act: "The purpose of this
chapter is to enact further reforms in order to create a more
equitable distribution of the cost and risk of injury and
increase the availability and affordability of insurance."
Laws of 1986, ch. 305, § 100. Through the adoption of com-
parative negligence, tort reform, and the incorporation of
these two statutes, we believe the Legislature intended to
bring all entities which are liable for a claimant's injuries
before the court for a determination of fault *before* any
settlement is reached or damages are awarded. Bringing all
parties before the court in one fault determination hearing
prevents manipulation by any one party.

The tort reform act of 1986 injects an element of
fault into a traditionally no-fault system. Therefore, it
should be narrowly construed. A broad construction, elimi-
nation of the Department's lien, would abolish 80 years of
workers' compensation law. A narrow construction, reduc-
tion of the lien, carries out two longstanding principles of
workers' compensation law: fair and adequate compensation
of the worker,[9] and protection of the state workers' compen-
sation fund. It also furthers the principles of tort reform: to
"create a fairer and more equitable distribution of liability
among parties at fault." Laws of 1981, ch. 27, § 1.

The respondents contend there is no indication the Legis-
lature intended to reduce the right to reimbursement. The

---

[9]The goal of the Industrial Insurance Act is to provide "sure and certain
relief" to injured workers and their families, *not* to award full tort damages.
RCW 51.04.010; *Stertz v. Industrial Ins. Comm'n*, 91 Wash. 588, 158 P. 256
(1916).

respondents cite Peck, *Washington's Partial Rejection and Modification of the Common Law Rule of Joint and Several Liability*, 62 Wash. L. Rev. 233 (1987) to support their contention. That article focuses on the abolition of joint and several liability under the tort reform act of 1986, and includes a discussion of its effect on the Industrial Insurance Act's third party chapter. The incorporation of RCW 4.22.070 into RCW 51.24.060(1)(f) creates inconsistencies between this new provision and other provisions within the third party chapter. Under the prior act, a beneficiary is required to give notice to the Department of intent to sue a third party, and, furthermore, is required to obtain the Department's written approval of a settlement which results in a deficiency to the state fund. RCW 51.24.080; RCW 51.24.090 (these provisions remain in effect). However, nothing under the 1986 act requires the beneficiary or the third party to give notice that the employer is an "entity" to which fault shall be assigned. The article concludes that because of the inconsistent notice requirements, the Department's right to reimbursement may be eliminated in litigation but not in settlement. As a result, the Department may be deprived of its right without having had an opportunity to contest the allocation of fault to the employer. Peck, 62 Wash. L. Rev. at 254-55.[10]

The article, in effect, supports both parties' arguments in this case. The article indicates the right to reimbursement is eliminated, thereby providing support for respondents. However, the article also supports the Department's contention that elimination of the right would be contrary to the longstanding purposes behind the Industrial Insurance Act. The article points out several flaws in the act. Our interpretation resolves the ambiguity and eliminates the flaws.

To further support their contention, respondents cite certain comments made by representatives during a House floor debate. These comments do not resolve the ambiguity

---

[10]The problem may be eliminated when the third party chapter is read as a whole. Notice must be provided to the Department when a third party action is filed. See discussion under section I.

created by the reference to RCW 4.22.070 and the contradictory notice requirements. The authorities cited by the respondents reveal that RCW 51.24.060(1)(f) is subject to different interpretations, and therefore support our finding of ambiguity.

In dealing with the issue of apportioning fault to an employer in workers' compensation third party litigation, the courts of other states have adopted various approaches. Relying on comparative negligence principles, California holds that where an employer is negligent, his right to reimbursement is reduced in proportion to his share of fault. The California Supreme Court, in *Associated Constr. & Eng'g Co. v. Workers' Comp. Appeals Bd.*, 22 Cal. 3d 829, 587 P.2d 684, 150 Cal. Rptr. 888 (1978), stated that comparative negligence is "a 'system under which liability for damage will be borne . . . in direct proportion to . . . respective fault'". 22 Cal. 3d at 842 (quoting *Li v. Yellow Cab Co.*, 13 Cal. 3d 804, 532 P.2d 1226, 119 Cal. Rptr. 858, 78 A.L.R.3d 393 (1975)). Therefore, the court reasoned, a third party tortfeasor should be allowed to plead the employer's negligence as a partial defense, and the trier of fact should determine the employer's degree of fault.

> The court should then deduct the employer's percentage share of the employee's total recovery from the third party's liability — up to the amount of the workers' compensation benefits assessed against the employer. Correspondingly, the employer should be denied any claim of reimbursement — or any lien . . . to the extent that his contribution would then fall short of his percentage share of responsibility for the employee's total recovery.

(Footnote omitted.) 22 Cal. 3d at 842. *See also Kemerer v. Challenge Milk Co.*, 105 Cal. App. 3d 334, 164 Cal. Rptr. 397 (1980) (injured employee's negligence would not be imputed to otherwise nonnegligent employer to reduce amount of reimbursement rights).

Some jurisdictions allow "contribution" by a negligent employer in the form of offsetting damages by the amount of compensation benefits paid. *See Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 305 S.E.2d 528 (1983). Idaho

law allows reduction of third party judgments by the amount of workers' compensation benefits paid, and goes a step further by allowing a reduction of the employer's right to reimbursement in proportion to his share of fault. Idaho Code §§ 72-209, 72-223 (1989); *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 690 P.2d 324 (1984); *Tucker v. Union Oil Co.*, 100 Idaho 590, 603 P.2d 156 (1979). In *Barringer v. State*, 111 Idaho 794, 727 P.2d 1222 (1986), the Idaho Supreme Court stated that Idaho law allows a third party to defend on the basis that the employer is partially negligent and allows a right of contribution in the form of a setoff, limited to the amount of compensation benefits paid. The employer's, or surety's, right to reimbursement from the third party recovery is reduced by an amount equal to the setoff (which reflects the employer's share of fault).

Kansas has enacted a statute which reduces an employer's lien against the judgment in a third party action by the percentage the employer has been adjudged to be at fault. *See* Kan. Stat. Ann. § 44-504(d) (Supp. 1989); *Anderson v. National Carriers, Inc.*, 11 Kan. App. 2d 190, 717 P.2d 1068, *aff'd*, 240 Kan. 101, 727 P.2d 899 (1986). The Alaska Supreme Court decided to leave the question for the Legislature, but noted that it favored the reasoning of the California court. *See Arctic Structures, Inc. v. Wedmore*, 605 P.2d 426, 438-40 (Alaska 1979).

Some other jurisdictions have adopted a different rule, holding that the statutory right to reimbursement is not affected by the employer's negligence. In *Taylor v. Delgarno Transp., Inc.*, 100 N.M. 138, 667 P.2d 445 (1983), the New Mexico Supreme Court held "[a]lthough a jury may apportion liability to an employer under the 'pure' comparative negligence standard, *none* of this apportioned negligence *shall* reduce the employer's right of reimbursement, regardless of the jury's finding." 100 N.M. at 141. The court declined to follow the California decision in *Associated Constr. & Eng'g Co. v. Workers' Comp. Appeals Bd., supra*, because California's workers' compensation case law and statutes are different than New Mexico's. In *Stroud v. Dorr-*

*Oliver, Inc.*, 112 Ariz. 403, 542 P.2d 1102 (1975), the Arizona Supreme Court held the right of "an employer, or its workmen's compensation carrier, to enforce its [statutory] lien . . . against any judgment recovered by an employee in a third party action is not dependent on the employer's freedom from concurrent negligence". 112 Ariz. at 409 (holding third party cannot assert such negligence as a defense nor ask for indemnification). We decline to follow this line of cases for two reasons. First, these states do not have a provision in their workers' compensation statutes similar to that in Washington. Second, they allow an employer to benefit from his own wrong, at the expense of the injured worker. Such a result is not consistent with the principles of comparative fault.

Rather, we find persuasive the reasoning of the California court.[11] The central objective is to allocate responsibility between a negligent employer and a third party tortfeasor (to the extent consistent with the employer's statutory immunity from tort liability), and prevent the employer from taking advantage of his own wrong. *Associated Constr. & Eng'g Co. v. Workers' Comp. Appeals Bd.*, *supra*. Idaho and Alaska have also found this reasoning to be persuasive.

We can only conclude that RCW 51.24.060(1)(f) and RCW 4.22.070, consistent with these principles, should be interpreted to require a reduction of the right to reimbursement in proportion to the employer's share of fault. Apportioning fault between all at-fault entities ensures that the worker will not enjoy double recovery, the employer will not profit from his own wrong, and the third party will pay its propor-

---

[11]While we adopt the reasoning of the California court, we do not adopt the method. California's workers' compensation scheme is different from Washington's. It provides the employer a "subrogation interest", which includes a credit against future payments, while Washington law provides a "reimbursement right"; California allows three methods of insurance while Washington allows two; and California retains joint and several liability whereas Washington has significantly modified the doctrine. Thus there is reason to apply a different method in this state. Our formula for reducing the Department's right to reimbursement is slightly different from the California method, based on the differences between the two states' workers' compensation schemes.

tionate share of damages. Under the Industrial Insurance Act, an employer (through the Department or as a self-insurer), pays its share of damages in the form of workers' compensation benefits. Therefore, we hold that where the employer's share of fault exceeds the benefits paid, the Department must continue to pay benefits, to the extent that benefits are payable, until they equal the employer's share of fault. If the employer's share of fault exceeds that of the third party, the right to reimbursement is eliminated.

Under this method, the employer's share of fault is measured against the amount of benefits and compensation paid (benefits paid), and the right to reimbursement is reduced accordingly. This is accomplished by determining the employer's share of damages (which is computed by multiplying the plaintiff's total amount of damages by the employer's percentage of fault), and comparing that amount against the dollar amount of the benefits paid (the Department's lien).[12]

RCW 4.22.070 on its face does not require a full trial to determine the issue of fault. The words "trier of fact" refer

---

[12]To illustrate: where the worker's damages are $100,000, the employer has been determined to be 10 percent at fault, and the Department has paid $30,000 in benefits, the following formula applies:

Employer's share of fault: $100,000 (total damages) x 10 percent = $10,000:

$30,000 (benefits paid)
-10,000 (reduction for employer fault)
$20,000 (amount to be reimbursed)

Where the benefits paid are less than the employer's share of fault, the Department must continue to pay benefits until the total paid equals the employer's share of fault:

$30,000 (benefits paid)
-40,000 (reduction for employer fault)
Department owes $10,000 in benefits.

And where the employer's share of fault exceeds the third party's share of fault, the right to reimbursement is eliminated.

We note it is not necessary to include the worker's total entitlement in the formula. As shown in the second example, the Department must pay benefits until the amount paid corresponds to the employer's share of fault. Under RCW 51.24.060(1)(e), the Department then ceases to pay benefits until the worker has used up the third party recovery. Thereafter, the Department is to pay benefits "as though no recovery had been made".

to a judge; they do not implicate a full trial. We find that an apportionment of fault between all at-fault entities serves as a basis for compromise in settlement negotiations. Therefore our holding does not hamper settlement proceedings.

V

Does RCW 51.24.060(1)(f) violate the privileges and immunities clause of the Washington State Constitution (Const. art. 1, § 12) by creating two classes of workers and two classes of "at-fault entities"?

■ Const. art. 1, § 12 provides: "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." The parties do not make an argument that article 1, section 12 and the equal protection clause of the Fourteenth Amendment should be construed independently based upon the factors set out in *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986). Therefore, we will only consider the federal argument.[13] *Ford Motor Co. v. Barrett*, 115 Wn.2d 556, 568-69, 800 P.2d 367 (1990). The central command of the federal equal protection clause is that the government may not treat classes of people differently unless there is a reasonable basis for the differentiation. *Haddenham v. State*, 87 Wn.2d 145, 550 P.2d 9 (1976).

■ The standard of review in workers' compensation cases is minimum scrutiny, or the rational basis test. *Skagit Motel v. Department of Labor & Indus.*, 107 Wn.2d 856, 859, 734 P.2d 478 (1987). A challenge to a legislative classification under minimum scrutiny triggers three questions: (1) Does the classification apply alike to all members within the designated class? (2) Do reasonable grounds exist to support the classification's distinction between those within

---

[13]We have in the past recognized that article 1, section 12 may provide broader protection than that provided in the Fourteenth Amendment equal protection clause. *Darrin v. Gould*, 85 Wn.2d 859, 868, 540 P.2d 882 (1975). However, where, as here, the parties have not briefed the issue nor asked us to consider it, we interpret article 1, section 12 using the federal analysis.

and without each class? and (3) Does the classification have a rational relationship to the purpose of the legislation? 107 Wn.2d at 860 (citing *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed*, 446 U.S. 979, 64 L. Ed. 2d 835, 100 S. Ct. 2958 (1980)).

The Department claims that RCW 51.24.060(1)(f) creates two classes of workers and two classes of at-fault entities. It bases this claim on the fact that RCW 4.22.070 creates one class, "at-fault entities", whose proportionate share of fault is to be determined by a trier of fact. At the same time, RCW 51.24.060(1)(f) singles out a separate class, "at-fault employers and co-employees", who will be required to contribute to damages without regard to percentage of fault. The designated class at issue here is that of "at-fault employers and co-employees". The classification is that they are singled out for purposes of determining whether a beneficiary must reimburse the Department for benefits paid. The classification applies alike to all members within the class. The answer to the first question above is yes.

A statutory classification dealing with economic legislation is presumed to be rational and the burden is on the challenger to prove that it is unconstitutional. *Skagit*, 107 Wn.2d at 860. The Department has failed its burden of proof. Furthermore, a rational basis *does* exist for singling out employers and coemployees: under the Industrial Insurance Act they are immune from suit. RCW 51.04.010. Employers and coemployees have always had to contribute damages in the form of compensation and benefits without regard to fault. *Seattle First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 242, 588 P.2d 1308 (1978) ("the Act 'immunizes', from judicial jurisdiction, all tort actions . . . premised upon the 'fault' of the employer"). Reasonable grounds exist to support the classification's distinction between those within (employers and coemployees) and those without (workers/beneficiaries and third party defendants). The answer to the second question above is also yes.

The classification bears a rational relationship to the purpose of the legislation, in this case the Industrial Insurance Act. As we have stated, two underlying purposes of the act are to provide sure and certain relief for injured workers, and to shift the cost of worker claims away from the industrial funds to responsible third parties under appropriate circumstances. *O'Rourke v. Department of Labor & Indus.*, 57 Wn. App. 374, 382, 788 P.2d 17 (1990). The classification found in RCW 51.24.060(1)(f) is consistent with these purposes. The answer to the third question is yes.

■ The classification under RCW 51.24.060(1)(f) satisfies the test set forth in *Skagit*, and therefore does not violate the privileges and immunities clause of article 1, section 12 of the Washington State Constitution.

To summarize then, we answer the certified questions as follows:

1. The failure of the plaintiffs to comply with the notice requirements of RCW 51.24.030(2) does eliminate the court's jurisdiction to apply RCW 51.24.060(1)(f) in the original action.

2. The filing of the new action coupled with the Department's timely receipt of a copy of the complaint pursuant to RCW 51.24.030(2) cures any defects and provides the court with jurisdiction to apply RCW 51.24.060(1)(f).

3. RCW 51.24.060(1)(f) and RCW 4.22.070 require a trier of fact to determine the percentage of the total fault attributable to *every* entity which caused plaintiff's damages, and not merely the employer or coemployee.

4. A finding of employer or coemployee fault pursuant to RCW 51.24.060(1)(f) and RCW 4.22.070 should be interpreted as requiring a reduction of the Department's right to reimbursement in proportion to the employer's share of fault. The right is eliminated if this share of fault exceeds the third party award.

5. RCW 51.24.060(1)(f) does not violate the privileges and immunities clause of article 1, section 12 of the Washington State Constitution.

As regards *Whitten v. Associated Building Components*: While a determination of fault by a trier of fact should be made before settlement and before any damages are awarded, Whitten has already settled with Associated Building Components. In view of our finding of substantial compliance with the notice requirement, we affirm the court's decision as to the determination of fault, affirm the decision allowing the Department to intervene, and remand to the Superior Court for determination of the reimbursement issue, consistent with this opinion.

DORE, C.J., BRACHTENBACH, DOLLIVER, ANDERSEN, and SMITH, JJ., and CALLOW, J. Pro Tem., concur.

After modification, further reconsideration denied December 16, 1991.