[No. 26834-1-I.    Division One.    December 21, 1992.]

ANGIE WILSON, *Individually and as Administratrix, Respondent*, v. KIEWIT PACIFIC, INC., ET AL, *Defendants*, THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

CRAIG CHRISTIANSON, ET AL, *Plaintiffs*, v. KIEWIT PACIFIC, INC., *Defendant*.

*Kenneth O. Eikenberry, Attorney General,* and *Jeffrey E. Boyer, Assistant,* for appellant.

*Lembhard G. Howell* and *Lembhard G. Howell, P.S.,* for respondent.

WEBSTER, A.C.J. — The Department of Labor and Industries appeals a judgment eliminating its right to reimbursement of funds paid to Angie Wilson on behalf of her deceased spouse Richard Wilson.

## FACTS

In October of 1986, the Department received a claim for benefits filed by Wilson. Wilson's husband had been killed on October 4, 1986, while working on the Cedar Falls Dam project. Wilson's husband was employed by Urban Construction Company (a subcontractor on the project) as an iron-worker. The Department accepted the claim and began paying Wilson benefits from the industrial insurance funds.

In April of 1987, the Department sent Wilson a third party election form. On the form Wilson checked a box electing to seek damages from a third party (Kiewit Pacific — the

general contractor on the project) for negligent supervision, code violations, and failure to provide a safe workplace. The signed form acknowledged that Wilson understood the Department had a statutory lien against any recovery and that she was required to keep the Department informed of the progress and result of the action.

On May 14, 1987, Wilson informed the Department (by returning a form originally sent to her by the Department) that (1) she did not believe her husband's employer or coemployees were "responsible" for his injury; and (2) she would not contend that a portion of the fault was attributable to the employer or coemployees.

In July of 1989, the Department received a copy of Wilson's complaint initiating suit against Kiewit Pacific, filed in December of 1986, together with a letter stating "[t]his case goes to trial on October 16, 1989 and I am aware of the Department's lien." The complaint alleged that Wilson's death was caused solely by the negligence of Kiewit Pacific.

On September 28, 1989, Wilson settled the third party action with Kiewit Pacific. On October 13, 1989, Wilson moved to determine the reasonableness of the settlement agreement and to eliminate the Department's right to reimbursement of funds. On December 12, 1989, the court approved the reasonableness of the settlement but ruled that it would not eliminate the reimbursement right since the Department had not been a party to the original settlement.

On June 19, 1990, Wilson moved for summary judgment based on employer/coemployee fault. Specifically she asked for a judgment finding (1) her husband's employer (Urban Construction) and coemployee (Craig Christianson) partially at fault for her husband's death, and (2) that the Department, under RCW 51.24.060(1)(f), was not entitled to reimbursement of funds. The Department cross-moved, arguing that the trial court had jurisdiction neither to determine fault (since the notice requirements of RCW 51.24 were not satisfied) nor to eliminate or reduce the Department's reim-

bursement right. On October 31, 1990, the trial court granted Wilson's motion for summary judgment and found Christianson partially negligent along with Urban Construction. The court also held that Christianson's and/or Urban Construction's fault eliminated the Department's right to reimbursement.[1]

After the trial court granted Wilson's summary judgment, the Washington Supreme Court handed down its decision in *Clark v. Pacificorp*, 118 Wn.2d 167, 822 P.2d 162 (1991). Contrary to the trial court's decision here, the court in *Clark* stated that under RCW 4.22.070 the trier of fact is required to determine the percentage of fault attributable to each damage-causing entity. The court then stated that to the extent a third party's share of fault (here — Kiewit Pacific) exceeds that of the employer or coemployee (Urban Construction and Christianson), the claimant is required to reimburse the Department. However, if the employer's share of fault is greater than that of the third party, the claimant is not required to reimburse the Department for benefits paid. The court stated:

> We can only conclude that RCW 51.24.060(1)(f) and RCW 4.22.070 . . . should be interpreted to require a reduction of the right to reimbursement in proportion to the employer's share of fault. Apportioning fault between all at-fault entities ensures that the worker will not enjoy double recovery, the employer will not profit from his own wrong, and the third party will pay its proportionate share of damages. Under the Industrial Insurance Act, an employer (through the Department or as a self-insurer), pays its share of damages in the form of workers' compensation benefits. Therefore, we hold that where the employer's share of fault exceeds the benefits paid, the Department must continue to pay benefits, to the extent that benefits are payable, until they equal the employer's share of fault. If the employer's share of fault exceeds that of the third party, the right to reimbursement is eliminated.

*Clark*, at 190.

---

[1]The court's ruling was based on an interpretation of RCW 51.24.060(1)(f) which states:

"If the employer or a co-employee are determined under RCW 4.22.070 to be at fault, . . . benefits shall be paid by the department . . . to or on behalf of the worker or beneficiary as though no recovery had been made from a third person."

## DISCUSSION

The Department, citing *Clark*, claims that summary judgment was improper since, contrary to the trial court's decision, coemployee fault does not *automatically* eliminate the Department's right to reimbursement. Therefore, according to the Department, the trial court erred in eliminating the reimbursement right without first finding that the employer's share of fault exceeds that of the third party.

In *Clark*, the court, referring to the consolidated case of *Whitten v. Associated Bldg. Components*, held that notwithstanding the fact that Whitten had not obtained a presettlement fault hearing, the case should be remanded for a determination of the reimbursement issue:

> As regards *Whitten v. Associated Building Components*: While a determination of fault by a trier of fact should be made before settlement and before any damages are awarded, Whitten has already settled with Associated Building Components. In view of our finding of substantial compliance with the notice requirement, we affirm the court's decision as to the determination of fault, affirm the decision allowing the Department to intervene, and remand to the Superior Court for determination of the reimbursement issue, consistent with this opinion.

*Clark*, at 194-95.

As in *Whitten*, the parties in this case settled before filing a motion to eliminate the Department's lien based on contributory fault. Therefore, we find that the cause should be remanded for a determination of the percentages of fault. As the Department points out, the trial court improperly found that coemployee/employer fault *automatically* extinguishes the right to reimbursement. That right is terminated only if the court determines that "the employer's share of fault is greater than that of the third party". *Clark*, at 181. If the court determines that the third party's share of fault (*i.e.*, Kiewit Pacific) exceeds that of the employer/coemployee, then Wilson would be obliged to reimburse the Department.

The Department next claims that summary judgment should have been awarded to the Department since Wilson settled the third party cause of action before obtaining a fault determination. The Department cites *Clark* where the court stated:

> Through the adoption of comparative negligence, tort reform, and [RCW 51.24.060(1)(f) and 4.22.070], we believe the Legislature intended to bring all entities which are liable for a claimant's injuries before the court for a determination of fault *before* any settlement is reached or damages are awarded. Bringing all parties before the court in one fault determination hearing prevents manipulation by any one party.

*Clark*, at 186. The Department claims that if this court allows a postsettlement fault hearing (when *Clark* expressly states that such a hearing should occur prior to a settlement agreement), Wilson will be in a position to manipulate the evidence because she will no longer have an incentive to allocate any of the fault to the third party who has settled and, instead, she will attempt to allocate as much fault as possible to the employer in order to reduce or eliminate the Department's right of reimbursement.

We disagree. The only logical reading of *Clark* is that the court allowed Whitten a postsettlement fault hearing because Whitten entered into the settlement before the *Clark* decision was filed. The same situation is encountered here. Furthermore, we are reluctant to presume there would be any attempt to manipulate the evidence upon remand and the trial court can control any perceived wrongdoing. Therefore, we remand for a fault determination despite the prior settlement.

The Department also claims the court lacked jurisdiction to apply RCW 51.24.060(1)(f) since Wilson failed to satisfy the statutory notice requirement that she provide the Department with a copy of the complaint when the complaint was filed. The Department cites *Clark* where the court stated:

> RCW 51.24.030(2) provides in every third party action that the plaintiff "shall give notice to the department . . . when the action is filed". . . .
>
> . . . .
> We believe the notice provision is mandatory. While it is not a prerequisite for establishing jurisdiction between the beneficiary and the third party, it is a condition precedent for establishing jurisdiction to apply RCW 51.24.060(1)(f).

*Clark*, at 176-78. Although the Department knew Wilson had elected to pursue a recovery on her own, it claims it was misled since it did not know she had filed a complaint and that it reasonably relied upon Wilson's representations that employer/coemployee fault was not at issue.[2]

We find that the Department's claim must fail. The purpose behind the notice requirement is met when the Department is aware of the third party litigation. In *Clark*, the court found that the parties had "substantially complied" with the notice provisions of RCW 51.24.030 and, since the Department had notice of the proceedings, participated in the action, became a named party for the purposes of appeal, and had conducted an independent investigation of the accident, the Department had not been prejudiced. Here, the Department received Wilson's third party election form indicating that she intended to pursue recovery against Kiewit Pacific. The Department considered intervening in this action, and in fact was asked to participate in the settlement conference (see footnote 2), but elected not to do so. On September 22, 1989, counsel to plaintiff Christianson wrote the Department of Labor and Industries and

---

[2]The Department also claims that it was never given notice of Wilson's depositions in the third party action. However, this statement is incorrect. On August 24, 1987, Wilson's counsel received a letter from Joseph Calmes, attorney for Wilson's employer Urban Construction. The letter specifically references the third party action against Kiewit Pacific and states that Elliott Furst, the Assistant Attorney General representing the Department of Labor and Industries, together with Calmes, had entered into a verbal agreement regarding the Department's citation against Urban Construction. The letter requested that Calmes and Furst be allowed to participate in depositions in the third party action against Kiewit Pacific and specifically stated that the Department had the right to intervene, but that Furst preferred to participate on an informal basis. The letter stated "[p]art of our stipulation is that the discovery that takes place in the wrongful death action can be used in the administrative proceeding later." Furthermore, notices of depositions in the third party action were sent to both Furst and Calmes for the discovery process and Furst acknowledged in his December 11, 1989, affidavit that he had the right to participate in any discovery in the wrongful death action on behalf of the Department.

informed counsel of a scheduled settlement conference and requested that a representative from the Department of Labor and Industries attend.[3] No representative from the Department attended. Furthermore, the Department has failed to establish actual prejudice which is evidenced by the fact that it received notice of (and actually participated in) the proceeding seeking to eliminate its reimbursement rights. The trial court did not err in finding that Wilson, as in *Clark*, had "substantially complied" with the notice provisions of the statute.

The case is remanded to the trial court for proceedings consistent with this opinion.

KENNEDY and AGID, JJ., concur.

Review denied at 122 Wn.2d 1005 (1993).

---

[3]The letter stated:

"Your lien with regard to Mr. Christianson's claim is $18,570.30. The defendant, Kiewit Construction Co., has been negotiating with us to settle the claim on the assumption that the lien can be waived or substantially compromised. Of course that cannot be accomplished without your participation.

"I spoke with Gertrude Shreve by phone this week and asked her if your department might send someone to the settlement conference so that we can have some input from your department about compromising or waiving this lien.

"I am speaking only in behalf of our client at this time, but the[re] is a companion case that will be tried at the same time as our case which involves a client of Mr. Lem Howell. His client is the estate of Richard Lee Wilson, and Mr. Wilson's survivors. I believe your lien with regard to that claim is in the vicinity of $200,000, but again I cannot speak for Mr. Howell."