110 P.3d 788 (2005)
126 Wash.App. 851
Susan MANDERY, Appellant,
v.
COSTCO WHOLESALE CORPORATION, a Washington corporation, d/b/a Costco Warehouse Store, Respondent,
ABC Florist Company, doing business in King County; ABC Maintenance/Janitor, doing business in King County; XYZ Maintenance/Janitor, doing business in King County; John Doe Company/Corporation 1-10, Defendants,
The Department of Labor and Industries, Intervenor.
No. 54173-1-I.
Court of Appeals of Washington, Division 1.
April 18, 2005.
*789 Dann D. Sheffield, Attorney at Law, Seatle, WA, for Appellant.
Andrew T. Biggs, Northcraft, Bigby & Owada, PC, Seattle, WA, for Respondent.
H. Regina Cullen, Asst. Att. General, Seattle, WA, for Appellant Intervenor.
GROSSE, J.
¶ 1 An employee cannot waive by contract the benefits of Washington's Industrial Insurance Act by barring himself or herself from the right to claim its benefits. Because the employment agreement in this case purports to bar the employee from pursuing workplace injury damages from a third party, and the Industrial Insurance Act specifically assigns to employees the right to pursue such third party claims and the right to retain a portion of any award, the contract provision purporting to release the third party from workplace injury liability is void. We therefore reverse and remand for a new trial.

FACTS
¶ 2 Susan Mandery was employed by Warehouse Demo Services, Inc. (WDS) to demonstrate and distribute product samples in Costco stores. When she was hired in May 2001, she signed an employment agreement with WDS which stated:
Release of Potential Claims:
Employee understands that WDS is a unique service organization specializing in providing product demonstrations exclusively for Costco Wholesale. These services are provided on Costco Wholesale's premises. The Employee further understands WDS provides workers' compensation insurance benefits for on-the-job injuries, occupational diseases, or wrongful death incurred while working for the Company on Costco Wholesale's premises. Employee agrees to look solely to WDS and its insurer for all damages and/or expenses *790 related to any illness, injury or wrongful death covered by said workers' compensation policy. Employee agrees that such coverage is adequate and fully compensatory and therefore releases, waives, discharges and covenants not to sue WDS, Costco Wholesale and all of their directors, officers, employees, agents, parent companies, subsidiaries, affiliates, successors and assigns from and against any and all claims, demands, losses, damages or liability of any and every kind, whether caused by negligence or otherwise, except for rights which Employee may have under the provisions of the applicable workers' compensation laws or as otherwise prohibited by law. Employee understands and agrees the foregoing Release is intended to be as broad and as inclusive as is permitted by the laws of the various states in which the Company operates and if any portion hereof is held invalid, it is agreed the remainder shall, notwithstanding, continue in full legal force and effect.[1]
¶ 3 On July 26, 2002, while working at a Costco store, Mandery slipped and fell as a result of some flowers or foliage that she alleged were negligently left on the warehouse floor. She sought and obtained workers' compensation benefits for her injuries. She then filed a third party suit against Costco and others, seeking to recover for the injuries that she suffered from the slip and fall.
In February 2004, Costco filed a motion for summary judgment alleging that Mandery had waived her negligence claim when she signed the employment agreement with WDS. The superior court agreed and entered summary judgment in favor of Costco and denied Mandery's motion for reconsideration. Mandery appealed and the Department of Labor and Industries (the Department) intervened.

ANALYSIS
¶ 4 Mandery and the Department claim that the contract provision purporting to immunize Costco from Mandery's third party workers' compensation lawsuit is void: (1) by the contract's own terms, (2) because it violates the express provisions of the Industrial Insurance Act, and (3) because it violates public policy. Because we find the contract violates the express provisions of the Industrial Insurance Act, we confine our analysis to the statutory claims. We review summary judgment orders de novo.[2]
¶ 5 Washington's Industrial Insurance Act, established through the state's police power, "imposes burdens upon industry and abolishes right of action by employees against employers for personal injuries to the exclusion of every other remedy, except as in the act provided."[3] Under the Act, "[n]o employer or worker shall exempt himself or herself from the burden or waive the benefits of [the Act] by any contract, agreement, rule or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void."[4] Thus, no employer or employee may "exempt himself [or herself] from the burdens which [the Act] imposes, nor by contract waive the benefits thereof in the sense that he can bar himself from the right to claim its benefits."[5]
¶ 6 Here, WDS required Mandery, through her employment contract, to waive her right to seek damages from Costco. However, the Legislature has expressly granted employees the right to sue a third party to collect damages resulting from workplace injury. Under RCW 51.24.030(1), "[i]f a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to *791 seek damages from the third person."[6]
¶ 7 For those who obtain successful judgments in third party claims, the Act specifically allocates benefits to the plaintiff equaling at least twenty-five percent of the balance of the award.[7] Thus, under the express terms of RCW 51.04.060, Mandery cannot waive by contract her right to pursue these potential statutory benefits. As such, the contract provision purporting to release Costco from liability is void.
¶ 8 The release provision also impermissibly interferes with the Department's statutory right to reimbursement from a third party recovery. Under RCW 51.24.030(2), the Department of Labor and Industries has a right to intervene in a third party lawsuit to protect its statutory interest in recovery. If a worker elects not to pursue a claim against a third party, "[the] election not to proceed ... operates as an assignment of the cause of action to the department or self-insurer, which may prosecute or compromise the action in its discretion in the name of the injured worker, beneficiary or legal representative."[8]
¶ 9 The Department's right to reimbursement from a third party recovery is a statutory right.[9] "The purpose of the lien is to protect the state fund by providing for reimbursement"[10] and such reimbursement is mandated so that "`(1) the accident and medical funds are not charged for damages caused by a third party and (2) the worker does not make a double recovery.'"[11] "The purposes of the workers' compensation act would be defeated if the Department's right to reimbursement were [sic] impaired."[12]
¶ 10 Costco argues that Mandery's waiver should bar the Department from bringing a third party lawsuit in Mandery's name. Such a prohibition cannot stand because it would nullify the Department's right to reimbursement altogether and defeat the purposes of the Act.
¶ 11 For the above reasons, we find that the provision in Mandery's employment contract with WDS purporting to release Costco from liability for Mandery's workplace injuries violates the Industrial Insurance Act and is void. The superior court's summary judgment order is reversed and the case remanded for a trial.
WE CONCUR: COX, C.J., and BECKER, J.
NOTES
[1] Clerk's Papers at 18.
[2] Bogle & Gates, P.L.L.C. v. Zapel, 121 Wash.App. 444, 448, 90 P.3d 703 (2004).
[3] Koreski v. Seattle Hardware Co., 17 Wash.2d 421, 436, 135 P.2d 860 (1943).
[4] RCW 51.04.060.
[5] Shaughnessy v. Northland S.S. Co., 94 Wash. 325, 329, 162 P. 546 (1917).
[6] RCW 51.24.030(1) (emphasis added).
[7] See RCW 51.24.060:

(1) If the injured worker or beneficiary elects to seek damages from the third person, any recovery made shall be distributed as follows:
...
(b) The injured worker or beneficiary shall be paid twenty-five percent of the balance of the award: PROVIDED, That in the event of a compromise and settlement by the parties, the injured worker or beneficiary may agree to a sum less than twenty-five percent;
...
(d) Any remaining balance shall be paid to the injured worker or beneficiary[.]
[8] RCW 51.24.050(1).
[9] Rhoad v. McLean Trucking Co., Inc., 102 Wash.2d 422, 427, 686 P.2d 483 (1984).
[10] WIGA v. Dep't of Labor & Indus., 122 Wash.2d 527, 530-31, 859 P.2d 592 (1993) (citing Clark v. Pacificorp, 118 Wash.2d 167, 184, 822 P.2d 162 (1991)).
[11] WIGA, 122 Wash.2d at 531, 859 P.2d 592 (quoting Maxey v. Dep't of Labor & Indus., 114 Wash.2d 542, 549, 789 P.2d 75 (1990)).
[12] WIGA, 122 Wash.2d at 535, 859 P.2d 592 (citing Clark, 118 Wash.2d at 185, 822 P.2d 162).