IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| MICHAEL J. COLLINS, | No. 47565-1-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON & OFFICE OF THE GOVERNOR; OFFICE OF THE ATTORNEY GENERAL; DEPARTMENT OF LABOR & INDUSTRIES IN ITS/THEIR OFFICIAL CAPACITY, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Michael J. Collins appeals the trial court's CR 12(b)(6) dismissal of two complaints he filed against the State of Washington, the governor, the attorney general, and the Department of Labor & Industries for the denial of benefits involving a 1993 industrial injury. He claims the trial court erred by dismissing his constitutional tort and intentional infliction of emotional distress/tort of outrage claims. We disagree and affirm.

FACTS

In January 1993, Collins filed an application for benefits with the Department due to an on-the-job injury while employed with AROK Construction. The Department approved the

application and awarded Collins temporary benefits. In April 1995, the Department closed the claim.

In February 2006, Collins requested to reopen his claim, alleging an aggravation of his condition. The Department reopened the claim, approved medical benefits, but denied time loss compensation and a partial disability award. Collins protested, and the Department affirmed. Collins appealed to the Board of Industrial Insurance Appeals (BIIA).

In his appeal, Collins alleged he never received the April 1995 order closing his claim. The BIIA determined that he had made a sufficient prima facie showing that he had not received the 1995 order and remanded the matter to complete adjudication of Collins' claim. The Department reassessed and ordered an independent medical evaluation (IME). Following the IME, the Department issued a new closing order, denying time loss and disability benefits and ending the payment of medical benefits.

Collins unsuccessfully sought relief in both state and federal appellate courts. *See Collins v. Dep't of Labor & Indus.*, No. 10-CV-05247-RBL, U.S. Dist. (W.D. Wash. 2010); *Collins v. Dep't of Labor & Indus.*, 163 Wn.2d 1020 (2008); *Collins v. Dep't of Labor & Indus.*, 167 Wn.2d 1019 (2010). He also unsuccessfully requested to reopen his claim with the Department in 2010.

In November 2014, Collins filed a complaint against the State of Washington, the governor, the attorney general, and the Department (collectively "the defendants"), alleging, among other torts, intentional infliction of emotional distress/tort of outrage and a constitutional tort cause of action for damages resulting from a violation of his due process rights. He amended his complaint twice, adding additional facts to support his claims.

Following the January 2015 filing of the second amended complaint, the defendants moved for dismissal under CR 12(b)(6) for failure to state a claim upon which relief can be granted. In February 2015, the superior court granted the defendants' motion. However, the superior court ruled that "Plaintiff may file an amended complaint to attempt to state a legally sufficient claim on or before March 27, 2015, provided that the amended complaint may not assert claims arising from the Washington Constitution, RCW 43.10.030 [attorney general's powers and duties], or RCW 43.06.010 [governor's powers and duties], such claims having been dismissed with prejudice by this order." Clerk's Papers (CP) at 277.

Collins timely filed a third amended complaint in March 2015. In his third amended complaint, Collins alleged the same operative facts as those alleged in prior complaints and again claimed intentional infliction of emotional distress/tort of outrage. The defendants requested dismissal under CR 12(b)(6). The superior court granted the motion and dismissed Collins's claims in April 2015. Collins unsuccessfully moved for reconsideration. Collins appeals.

ANALYSIS

As an initial matter, Collins assigns error to the February 2015 dismissal order and the April 2015 dismissal order. His notice of appeal, however, only refers to the superior court's order denying reconsideration of the April 2015 order. Generally, this court only reviews those orders designated in the notice of appeal. *See* RAP 5.3(a)(3) (notice of appeal must designate decision for review). However, since the January 2015 and the March 2015 complaints were incrementally dismissed with the superior court contemplating the filing of a third amended complaint, we reach the issues involving both complaints.

3

A.     LEGAL PRINCIPLES

Collins contends the superior court erred by dismissing his tort claims under CR 12(b)(6). We review de novo an order granting a motion to dismiss under CR 12(b)(6). *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc*., 180 Wn.2d 954, 962, 331 P.3d 29 (2014); *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007).

Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot prove any set of facts consistent with the complaint that would entitled the plaintiff to relief. *Bravo v. Dolsen Cos*., 125 Wn.2d 745, 750, 888 P.2d 147 (1995). "'[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim.'" *Id.* at 750 (alteration in original) (quoting *Halvorson v. Dahl*, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978)). All facts alleged in the plaintiff's complaint are presumed true. *Tenore v. AT & T Wireless Servs*., 136 Wn.2d 322, 330, 962 P.2d 104 (1998), *cert. denied*, 525 U.S. 1171 (1999). However, the complaint's legal conclusions are not required to be accepted on appeal. *Haberman v. Washington Pub. Power Supply Sys*., 109 Wn.2d 107, 120, 744 P.2d 1032, 750 P.2d 254 (1987). "If a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." *Gorman v. Garlock, Inc*., 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

Washington's Industrial Insurance Act (IIA), Title 51 RCW, provides the exclusive remedy for workers who are injured during the course of their employment. *Wash. Ins. Guar. Ass'n v. Dep't of Labor & Indus.*, 122 Wn.2d 527, 530, 859 P.2d 592 (1993); RCW 51.04.010. Thus, the IIA precludes any "tort claims if those claims arise out of an 'injury' . . . that is compensable under

the [IIA]." *Rothwell v. Nine Mile Falls Sch. Dist.*, 173 Wn. App. 812, 819, 295 P.3d 328 (2013) (quoting *Sharpe v. Am. Tel. & Tel. Co.*, 66 F.3d 1045, 1051 (9th Cir. 1995)).

Tort claims may arise when the employer acts with deliberate intention. RCW 51.04.020. Our Supreme Court considered the meaning of "deliberate intention" in *Birklid v. Boeing Co.*, 127 Wn.2d 853, 865, 904 P.2d 278 (1995), and held "the phrase 'deliberate intention' in RCW 51.24.020 means the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." Here, however, rather than arguing his employer acted with deliberate intention, Collins uniquely applies the deliberate intention test to several state agencies for the wrongful denial of his claims. His arguments fail because a constitutional tort action is not recognized in Washington and the tort of outrage is not supported by the record.[1]

B.    CONSTITUTIONAL TORT

Collins first argues the superior court overlooked facts and law pertaining to his constitutional tort claim. He claims he should be compensated for the harm caused by the State's, the governor's, the attorney general's, and the Department's alleged intentional violation of his due process rights.

A constitutional tort is generally a legal action against government agents to pursue damages for violations of constitutional rights. *Bivens v. Six Unknown Named Agents of Fed.*

---

[1] Collins also discusses at length allegations of judicial misconduct, including failing to review his pleadings, improper transferring of matters between judges, denial of discovery, and partiality towards the defendants. He fails to provide citation to the record (other than his own pleadings), meaningful argument, or citation to legal authority to support his arguments as required under RAP 10.3(a)(5)-(6) to warrant review. *See also Cowiche Canyon v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Therefore, we do not consider these claims.

*Bureau of Narcotics*, 403 U.S. 388, 397, 91 S. Ct. 1999, 2005, 29 L. Ed. 2d 619 (1971). Washington courts have consistently refused to recognize a constitutional tort for damages. *See Reid v. Pierce County,* 136 Wn.2d 195, 213-14, 961 P.2d 333 (1998) (a constitutional cause of action not recognized because plaintiffs did not present a reasoned or principled basis for one nor establish that it would be more appropriate than common law causes of action); *Blinka v. Wash. State Bar Ass'n,* 109 Wn. App. 575, 591, 36 P.3d 1094 (2001) (Washington courts will not recognize a cause of action based on constitutional violations without legislative guidance), *review denied*, 146 Wn.2d 1021 (2002). Thus, because there is no recognized cause of action in tort for constitutional violations, we affirm the dismissal of Collins's constitutional tort claim in this case.

C.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE

Collins next argues he is entitled to relief based on the tort of outrage, also known as intentional infliction of emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 194, 66 P.3d 630 (2003). He contends that the Department abused a custodial relationship by intentionally not addressing his claims; the Department, attorney general, and governor failed to impede the 2014 IME; and the attorney general failed to observe a special duty owed to him, which conduct was outrageous and intentional and caused him emotional distress.

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the plaintiff actually suffers severe emotional distress. *Kloepfel*, 149 Wn.2d at 195. Each element must be established. *Id.* Collins fails to show the first element.

Extreme and outrageous conduct must be conduct that is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized community.'" *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 753-54, 320 P.3d 77 (2013) (footnote omitted) (quoting *Reid*, 136 Wn.2d at 202), *review denied* 180 Wn.2d 1026 (2014). The conduct must be more than insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Kirby v. City of Tacoma,* 124 Wn. App. 454, 474, 98 P.3d 827 (2004), *review denied,* 154 Wn.2d 1007 (2005).

Here, Collins requested to reopen his claim, alleging aggravation of condition. The Department reopened the claim and approved medical benefits. Unsatisfied, Collins appealed to the BIIA. There, he made a sufficient prima facie showing that he had not received notice that his prior action was closed. On remand, the Department reassessed and ordered an IME. Based on the IME results, the Department denied time loss and disability benefits, terminated medical benefits, and closed the claim.

Nowhere in the record is there evidence of outrageous conduct in handling these complaints by the Department, governor, or attorney general that rise to the level of being "atrocious, and utterly intolerable in a civilized community.'" *Grange Ins. Ass'n*, 179 Wn. App. at 753-54. While the repeated denials of relief may be an "insult" or "annoyance" to Collins, they were not enough to rise to the level of outrageous conduct to support the tort of intentional infliction of emotional distress. *Kirby,* 124 Wn. App. at 474. Accordingly, Collins fails to allege any conduct sufficiently outrageous to support an intentional infliction of emotional distress claim nor does his complaint raise any legally sufficient hypothetical situation supporting a claim of intentional infliction of emotional distress.

NO. 47565-1-II

Based on the above, the trial court did not err in dismissing Collins second amended complaint and third amended complaint under CR 12(b)(6). Therefore, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Bjorgen, C.J.

8