# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| CURTIS WRIGHT, | No. 56979-5-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY RISK MANAGEMENT, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Curtis Wright appeals the dismissal of his claim under the Industrial Insurance Act (IIA) for an occupational disease—Post Traumatic Stress Disorder (PTSD)—arising from his work as a detective with the Pierce County Sheriff's Office. He argues that the superior court erred when it failed to apply the first responder occupational disease presumption to his 2021 claim following the 2018 and 2019 amendments to RCW 51.08.142 and RCW 51.32.185 of the IIA. He also argues that the superior court failed to interpret and accurately apply the doctrine of res judicata when granting Pierce County's summary judgment motion. Because the superior court properly denied his claim, we affirm.

## FACTS

### I. BACKGROUND

Wright retired from the sheriff's office after serving as a correctional officer, deputy, and detective from 1984 to 2011. In 2002, Wright was assigned to the homicide team and officer-involved shooting squad as a detective. A couple of years later, he began showing signs of coping difficulties, and his supervisors recommended he seek counseling. In early 2010, Dr. Ann Alpern

diagnosed Wright with PTSD generated from work-related traumatic incidents since 2003. Wright retired the following year—2011.

II.     2011 INITIAL CLAIM[1]

In September 2011, Wright filed his first workers' compensation claim with the Department of Labor & Industries (Department). The Department assigned it claim number SE-64111. In his claim, Wright noted he developed an occupational disease—PTSD—due to traumatic experiences during the job with the sheriff's office.

Five months later, in 2012, the Department rejected Wright's claim. He appealed to the Board of Industrial Insurance (Board). The County filed a motion for summary judgment.

In September 2012, an industrial appeals judge (IAJ) issued a proposed decision and order (PDO) granting the County's motion for summary judgment. Though the IAJ found Wright to have PTSD caused or aggravated by his employment with the sheriff's office, it affirmed the denial

---

[1] Wright filed a total of at least four claims with the Department as far as we can determine from the record provided to this court. Below is a table of the claims collaterally related to this appeal-those at issue appear in bold:

| Date | Claim # Assigned | Result |
| --- | --- | --- |
| **September 2011** | **SE-64111** | **Rejected- PTSD not recognized as an occupational disease under statute/WACs at the time** |
| June 2018 | SK-34955 | Denied- invalid and consolidated as a duplicate of SE-64111 |
| Later in 2018 | Not in record | Wright refiled claim instead of appealing the Board's decision regarding his June 2018 claim |
| **January 2020/March 2021** | **SM-13528** | **Denied- res judicata applied and deemed duplicate of SE-64111** |

of his claim on the basis that PTSD was excluded as an occupational disease within the meaning of former RCW 51.08.142 (1988) and former WAC 296-14-300 (1988), in effect at the time.

The following month, the Board entered an order adopting the PDO. Wright did not appeal this order.

III.    AMENDMENT TO INDUSTRIAL INSURANCE ACT

In 2018, the legislature amended the IIA, specifying what classified as a legally recognized occupational disease and expressly excluding PTSD. Former RCW 51.08.142 (2018).

The amendments to the IAA included changes to chapter 32 "Compensation." A new subsection was added, establishing a "prima facie presumption that [PTSD] is an occupational disease" for firefighters and law enforcement officers. Former RCW 51.32.185(1)(b) (2018). However, the presumption only applies to "an applicable member following termination of service for a period of three calendar months for each year of requisite service *but may not extend more than sixty months following the last date of employment*." Former RCW 51.32.0185(2) (emphasis added).

IV.    2018 CLAIM

Wright filed a new appeal in June of 2018. The claim was assigned case number SK-34955. In April 2019, the Department issued an order determining SK-34955 (June 2018) was invalid and a duplicate of SE-64111 (September 2011). Consequently, claim SK-34955 (June 2018) was consolidated with SE-64111 (September 2011) and denied.

Wright appealed to the BIIA. The County filed a motion for summary judgment. An IAJ affirmed the Department's 2018 order denying Wright's new claim SK-34955 (June 2018) as a duplicate of SE-64111 (September 2011) via PDO. Notably, the PDO stated Wright's claims were prohibited from being relitigated under res judicata as the parties involved in the present appeal

were the same, the claims involved the same matter and raised the same cause of action, which was resolved in a final and binding order in 2012 (pertaining to the 2011 claim). Lastly, it stated that the amendments to the IIA did not apply retroactively to Wright's claim. Wright filed a petition for review with the full Board.

In May 2020, the Board adopted the IAJ's PDO and granted the County's motion, affirming that SK-34955 (June 2018) was a duplicate of SE-64111 (September 2011). Wright did not appeal the Board's decision, instead he refiled yet another claim.[2] The final disposition of this claim is unknown, as it is not apparent from the record before us.

## V.       2020/2021 CLAIM

In Early 2020, Wright received a subpoena from the Pierce County Prosecuting Attorney's Office.[3] Consequently, he filed a new claim with the Department, asserting another incident of PTSD. The Department assigned it claim number SM-13528.

In March 2021, the Department denied Wright's SM-13528 (January 2020) claim as a duplicate of SE-64111 (September 2011) and consolidated the two. Wright appealed. The County filed a motion for summary judgment asserting res judicata applied.

The AIJ held a telephonic motion hearing on October 13. The sole issue addressed was "[w]hether the Department correctly determined that the injury or occupational disease/condition was a duplicate of the injury or occupational disease/condition covered by Claim SE-64111 [(September 2011)]." Clerk's Papers (CP) at 514. The court further noted that all parties "agreed that the motion for summary judgment was going to be determinative in this case." CP at 515.

---

[2] The record provided to this court does not reference or give a claim number for this claim.

[3] The subpoena was cancelled by the prosecutor's office shortly after it was issued.

Wright argued that he was re-exposed when he received the subpoena, supported by Dr. Gregory Brown's report.[4] The County responded, arguing that the issue was not whether Wright had evidence showing he suffered from PTSD but whether his claim was a duplicate of SE-64111 (September 2011). The County also argued that the amendment to the IIA Wright relied on "specifically delineate[d] that it applies only to former employees up to 60 months or five years post-employment," and Wright was last employed 10 years prior. CP at 530. And because it was a duplicate claim, res judicata applied as it dealt with the "same set of facts, the same circumstances, [and] the same parties. For all intents and purposes, this [was] a duplicate claim for what Mr. Wright filed in 2018." CP at 532-33.

In early 2022, an IAJ issued a PDO affirming the Department's order of March 2021 regarding SM-13528 (January 2020/March 2021). The PDO addressed substantive issues, including res judicata. Notably, the IAJ found SM-13528 (January 2020/March 2021) to be a duplicate of SE-64111 (September 2011) rendering it precluded by res judicata.

Additionally, in its findings of fact, the IAJ noted that "Mr. Wright did not suffer a new exposure or an additional exposure in the course of his employment with Pierce County that would cause or worsen the condition of PTSD since his retirement from employment with Pierce County [in] 2011." CP at 174. Wright appealed. The Board denied his appeal and adopted the IAJ's PDO affirming the Department's March order determining that Wright's claim SM-13528 (January 2020/March 2021) was a duplicate of the final and binding decision in SE-64111 (September 2011). Wright appeals this denial of his fourth claim filing.

---

[4] Relatedly, Wright claims that, for purposes of establishing that he suffers from PTSD, he could utilize expert opinions from evaluating experts near his residence in Nevada. This is immaterial because, as we discuss below, his current claim is a duplicate of a claim that was previously denied. An evaluation of his condition does not change this crucial fact.

ANALYSIS

Wright contends that the trial court erred when granting the County's motion for summary judgment and dismissing his claim, SM-13528 (January 2020/March 2021), as a duplicate of his original 2011 claim, SE-64111 (September 2011), under the doctrine of res judicata.[5]

The County counters that res judicata precludes revisiting the denied claim, SE-64111 (September 2011), of which Wright's current claim, SM-13528 (January 2020/March 2021), is a duplicate.

I.      SUMMARY JUDGMENT

We review summary judgment orders de novo. *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 410, 430 P.3d 229 (2018). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). "A genuine issue is one upon which reasonable people may disagree; a material fact is one controlling the litigation's outcome." *Youker v. Douglas County*, 178 Wn. App. 793, 796, 327 P.3d 1243 (2014). "The moving party bears the burden of showing that there is no genuine issue of material fact. If this burden is satisfied, the nonmoving party must present evidence demonstrating material fact. Summary judgment is appropriate if the nonmoving party fails to do so." *Walston v. Boeing Co.,* 181 Wn.2d 391, 395-96, 334 P.3d 519 (2014) (internal citations omitted). Thus, in an appellate review of a grant of summary judgment, we review only the record and those matters which have been presented to the superior court for its consideration before entry

---

[5] Wright also argues several fairness and equitable claims including potential fraud, bias, and notice. However, because an issue not raised in a summary judgment proceeding below should not be considered on appellate review, we do not reach the merits of his arguments. *Haueter v. Cowles Pub. Co.*, 61 Wn. App. 572, 590, 811 P.2d 231 (1991).

of judgment.  *Lewis v. Bell*, 45 Wn. App. 192, 197, 724 P.2d 425 (1986); *Tapper v. Emp. Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).

A pro se party is bound by the same rules as a represented party.  *Westberg v. All-Purpose Structures Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997) ("[P]ro se litigants are bound by the same rules of procedure and substantive law as attorneys.").

II.      INDUSTRIAL INSURANCE ACT (IIA)

A.       Legal Principles

The IIA provides the exclusive remedy for those injured during the course of their employment.  *Wash. Ins. Guar. Assn'n v. Dep't of Lab. & Indus.*, 122 Wn.2d 527, 530, 859 P.2d 592 (1993); RCW 51.04.010.  "'On an appeal under the [IIA], Title 51 RCW, our review is limited to the superior court's decision, not the Board's decision.'"  *Christiansen v. Dep't of Lab. & Indus.*, 26 Wn. App. 2d 560, 566, 527 P.3d 1176 (2023) (quoting *Masco Corp. v. Suarez*, 7 Wn. App. 2d 342, 346, 433 P.3d 824 (2019)).

As noted previously, the IIA expressly excludes PTSD as a legally recognized occupational disease and did at the time of Wright's employment with Pierce County.  Former RCW 51.08.142 (2018); RCW 51.08.142 (2020).  Nevertheless, the legislature's 2018 amendment to chapter 51.32 included subsection .185(1)(b), which stated that for law enforcement officers, "there shall exist a prima facie assumption that [PTSD] is an occupational disease under RCW 51.08.140."  Former RCW 51.32.185(1)(b).  But the presumption "shall be extended to an applicable member following termination of service for a period of three calendar months for each year of requisite service, *but may not extend more than sixty months following the last date of employment*."  Former RCW 51.32.0185(2) (emphasis added).

III.    RES JUDICATA

Wright argues that the trial court erred in its interpretation and application of res judicata. The County responds that res judicata applies because Wright's 2021 (SM-13528) claim arose from the same workplace exposures underlying previous claims, involves the same parties, and a final and binding decision on the merits was entered in 2011 (SE-64111), when Wright initially filed. The County also argues that the decision and order stated PTSD was not recognized as an occupational disease for which an individual could receive benefits under the IIA at the time, and that all subsequent decisions concluded that each of his other claims were duplicates of the 2011 (SE-64111) claim. It further argues that even if we were to disagree, the 2018 amendment to the IIA expressly outlines a 60-month timeframe from when an individual can receive benefits and Wright failed to meet it. We agree with the County that res judicata bars Wright's claim.

A.    Legal Principles

We review an application of res judicata de novo. *Lynn v. Dep't of Lab. & Indus.*, 130 Wn. App. 829, 837, 125 P.3d 202 (2005). Res judicata "applies when a plaintiff's claim against a party has been dismissed by final judgment in one action and the plaintiff asserts the same claim against the same party in a subsequent action." *Shandola v. Henry*, 198 Wn. App. 889, 902, 396 P.3d 395 (2017) (emphasis omitted).

To establish res judicata, the proponent must establish the following: that the "'subsequent claim involves the same (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of persons for or against the claim made.'" *Penner v. Cent. Puget Sound Reg'l Transit Auth.*, 25 Wn. App. 2d 914, 924, 525 P.3d 1010 (quoting *Harley H. Hoppe & Assoc. v. King County*, 162 Wn. App. 40, 51, 255 P.3d 819 (2011)), *review denied*, 1 Wn.3d 1026 (2023).

In other words, res judicata applies when a previous claim for which there was a final judgment on the merits and the current claim are so similar that the current claim could have been litigated in the former action. *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 40, 330 P.3d 159 (2014). Summary judgment is a final judgment on the merits. *DeYoung v. Cenex Ltd.*, 100 Wn. App. 885, 892, 1 P.3d 587 (2000).

B.      Res Judicata Applied to Wright's Latest Workers' Compensation Claim.

Here, Wright's 2021 (SM-13528) claim meets all elements of res judicata. First, it is undisputed that the claims involve the same subject matter: PTSD stemming from his work with the sheriff's office from 2004 until his retirement in 2011. Second, it is also undisputed that Wright's 2021 (SM-13528) claim involves the same cause of action—a claim filed for workers' compensation rooted in Wright's alleged PTSD. Finally, there does not appear to be a dispute regarding the concurrence of identity or quality between the parties in both the original 2011 (SE-64111) claim and the 2021 (SM-13528) claim—Wright and Pierce County. Thus, there is no genuine issue of material fact as to any of these elements and the superior court properly applied the doctrine of res judicata. The trial court did not err.

Additionally, because former RCW 51.32.185(2) is clear in that Wright had 60 months or five years from "*the last date of employment*"—August 2011, and he did not appeal the order and did not refile until 2018—seven years after his last date of employment—he failed to meet the prerequisites for coverage under the new statute in any event.

Because res judicata bars Wright's claim in the case before us, we do not reach the other arguments presented by the County or Wright.

IV.    ATTORNEY FEES

Lastly, Wright requests attorney fees.  Because he did not prevail, he is not entitled to attorney fees.  We deny his request.

## CONCLUSION

The trial court properly granted the County's motion for summary judgment and dismissed Wright's claims for workers' compensation based on res judicata.  Wright is not entitled to attorney fees.  We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Cruser, A.C.J.

Price, J.